# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:06cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>ALBERTO ALEMAN. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court[1] on the Defendant's letter filed on March 15, 2012, which the Court construes as a motion to modify the restitution payments that he is required to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 96].

In his letter, the Defendant contends that the Judgment requires that he pay monthly installments toward his restitution obligation only after his release from imprisonment. Contrary to the Defendant's contention, however, the Judgment provides that the Defendant's payment of restitution is to "begin immediately." [Judgment, Doc. 60 at 5]. The Bureau of Prisons therefore has the authority to place a defendant in the IFRP based on the wording contained

---

[1] The Defendant addresses his letter to the Honorable Lacy Thornburg, who sentenced the Defendant in 2007. Judge Thornburg, however, has since retired from the bench, and this case has been reassigned to the undersigned.

in the Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005).

To the extent that the Defendant objects to the amount of funds that he is required to pay under the IFRP, the Court is without jurisdiction to consider his claim. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to modify the restitution payments that he is required to make through the IFRP [Doc. 96] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 3, 2012

Martin Reidinger
United States District Judge

2