THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:06-cr-00010-MR-WCM-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| ALBERTO ALEMAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 176].

**I.  BACKGROUND**

In September and December 2005, the Defendant Alberto Aleman and his accomplices committed the armed robbery of two banks[1] in Western North Carolina.  [Doc. 82: PSR at ¶¶ 6-7].  Aleman was 25 years old at the time of these offenses.  During each of the robberies, Aleman displayed a firearm, jumped the teller line, and ordered customers and bank personnel to get on the ground.  [Id.].  During one of the robberies, the bank branch

---

[1] Aleman's accomplices later robbed a third bank, without Aleman, in February 2006.  [Id. at 8].

manager was brought from his office at gunpoint, placed on the floor with other bank personnel, and warned that if he moved, he would be killed. [Id. at ¶ 7]. Aleman and his accomplices stole more than $47,000 in cash. [Id. at ¶ 6-7].

A federal grand jury indicted Aleman and charged him with two counts of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2; two counts of armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2; two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and two counts of being an unlawful possessor of a firearm, in violation of 18 U.S.C. § 922(g)(5). [Doc. 8: Indictment]. Aleman entered into a plea agreement with the Government, agreeing to plead guilty to the two § 2113(a) bank robbery offenses and the two § 924(c) firearm offenses. [Doc. 21: Am. Plea Agreement at ¶ 1]. In exchange for Aleman's guilty plea, the Government agreed to dismiss the remaining counts against him. [Id. at ¶ 2].

On April 30, 2007, the Court[2] sentenced Aleman to concurrent 57-month sentences[3] for the bank robbery counts (Counts 1 and 8), followed by consecutive sentences of 84 months and 300 months for the two § 924(c) counts (Counts 4 and 11), for a total term of 441 months' imprisonment. [Doc. 60: Judgment at 2].

Aleman currently is serving his sentence at FCI Fort Dix with a projected release date August 13, 2037.[4] To date, Aleman has served over 17 years of his original sentence.

In April 2023, Aleman filed his first *pro se* motion for a reduction in sentence. [Doc. 173]. That motion was denied without prejudice, at Aleman's request, so that he could exhaust his administrative remedies. [See Doc. 175; Text-Only Order entered May 15, 2023].

Aleman filed the present compassionate release motion in July 2023. [Doc. 176]. For grounds, Aleman asks this Court for a reduction in his sentence because of the unwarranted disparity between his current sentence and those sentenced under 18 U.S.C. § 924(c) today, the lengthy

---

[2] The Honorable Lacy H. Thornburg, United States District Judge, presiding. Upon Judge Thornburg's retirement in 2009, this matter was reassigned to the undersigned.

[3] The Court calculated Aleman's advisory guideline range for Counts 1 and 8 to be 57 to 71 months' imprisonment. [Doc. 61: SOR at 1].

[4] See https://www.bop.gov/inmateloc/ (last accessed Jan. 24, 2024).

mandatory sentence he is currently serving, his relative youth at the time of the offenses, and his extensive rehabilitation during the time that he has already served. [Id.].

The Government opposes Aleman's motion. [Doc. 177].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government does not dispute that Aleman has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of Aleman's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

4

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines, as amended November 1, 2023, sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. In pertinent part, § 1B1.13 provides that a sentence reduction may be warranted where the defendant received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Id. at § 1B1.13(b)(6).

Here, Aleman relies on a recent change in sentencing law as a basis for his request for compassionate release. Section 403(a) of the First Step Act of 2018 amended 18 U.S.C. § 924(c) to remove the possibility that a defendant will received "stacked" § 924(c) sentences by requiring that the 25-year mandatory minimum that applies for a second or successive § 924(c)

5

conviction applies only "when a prior § 924(c) conviction arises from a separate case and already has become final."  First Step Act of 2018 § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5222.  This amendment did not apply retroactively to sentences imposed before December 21, 2018, the effective date of the First Step Act.  Id. § 403(b).   Therefore, Aleman was not entitled to seek a reduction of his sentence under this provision.

Aleman is currently serving a sentence of 441 months.  That is a sentence of nearly 37 years—32 years of which are due to the now-prohibited "stacking" of consecutive § 924(c) sentences.  If Aleman were re-sentenced today, he would likely receive a minimum of two consecutive seven-year sentences for his § 924(c) convictions, for a total of at least 14 years, in addition to the sentence he would receive for the underlying bank robbery charges.  This sentencing change produces a "gross disparity" between the sentence Aleman is serving and the sentence he would likely receive today.  Further, as noted supra, he has served over 17 years of his sentence.

The Court now examines Aleman's "individualized circumstances" to determine whether Aleman has established an "extraordinary and compelling" reason for his release.  See U.S.S.G. § 1B1.13(b)(6). Additionally, the Court will consider the § 3553(a) factors, as "applicable," to

6

determine whether a sentence reduction is warranted.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, Aleman had no prior criminal history and was 25 years old at the time that he committed the underlying offenses.  His lack of a criminal history and his relative youth at the time of the offenses weigh in favor of a reduced sentence.  Further, as noted above, there is a significant disparity between the sentence Aleman received for his § 924(c) convictions in 2007 and what he would likely receive today.  Thus, granting Aleman compassionate release would not create any unwarranted sentencing disparities.

Additionally, Aleman's rehabilitative efforts while in prison have been impressive.  He has maintained regular employment as an orderly and has completed a number of educational programs and work assignments, including obtaining his GED.  Additionally, he has not committed any infractions involving violence or drugs while in prison.  Finally, Aleman appears to have a stable release plan with strong family support and gainful employment upon his release.

In opposing any sentence reduction, the Government argues that Aleman's crimes were very serious, involving a high level of violence and netting an unusually large amount of money.  [Doc. 177 at 6-7].  The Court,

however, finds that a reduced sentence still adequately addresses the seriousness of Aleman's offenses.

The Government further argues that Aleman has demonstrated additional disrespect for the law by committing perjury in a related criminal case involving his father. [Doc. 177 at 7]. However, Aleman acknowledges his actions in this regard (committed 18 years ago) and admits that attempting to help his father in this way was a mistake. [Doc. 178 at 3]. Notably, Aleman was not charged with perjury in connection with his testimony in that case. The Court does not find that his actions in that matter warrant the denial of relief in the present case.

For all these reasons, the Court concludes that Aleman has demonstrated extraordinary and compelling reasons for a sentence reduction and that the relevant § 3553(a) factors weigh in favor of granting the requested relief. Accordingly, the Defendant's Motion for Compassionate Release will be granted.

Having determined that Aleman is entitled to relief, the Court now turns to the issue of an appropriate reduction. The Supreme Court has recognized that "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." United States v. Pepper, 562 U.S. 476, 507 (2011) (quoting United States v. Stinson, 97 F.3d 366, 469 (11th

Cir. 1996) (per curiam)).  The Supreme Court also has recognized that a sentencing court in imposing a sentence on one count may consider the sentences imposed on other counts.  Dean v. United States, 581 U.S. 62, 67 (2017).  Here, in fashioning Aleman's sentence, the sentencing judge clearly took into consideration the mandatory consecutive 32-year sentence that Aleman faced for his two § 924(c) convictions when fashioning Aleman's sentences for the two bank robbery convictions, imposing concurrent 57-month sentences, which was at the low end of the advisory guideline range.  Without the draconian mandatory minimum sentences for the § 924(c) convictions, however, Aleman's sentences on the bank robbery convictions would likely have been substantially greater.  These bank robberies involved an extraordinary degree of violence and placed a number of people in fear for their lives.  Accordingly, in the exercise of its discretion, the Court will reduce Aleman's aggregate sentence to a total of 246 months.[5]  The Court specifically finds that this sentence is necessary to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes.

---

[5] This is comprised of 78 months on each of Counts 1 and 8, to be run concurrently, along with 84 months on Count 4 and 84 months on Count 11, both to run consecutively.

9

Case 2:06-cr-00010-MR-WCM   Document 179   Filed 02/06/24   Page 9 of 10

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 176] is **GRANTED**, and the Defendant's aggregate sentence is hereby **REDUCED** to a **TWO HUNDRED AND FORTY-SIX (246) MONTHS**. This reduced aggregate sentence is comprised of 78 months on each of Counts 1 and 8, to be run concurrently, along with 84 months on Count 4 and 84 months on Count 11, both to run consecutively.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in this case and to provide copies of this Order to the Defendant, counsel for the Government, the Bureau of Prisons, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge